# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

|  |  |
|---|---|
| Jonathan Ford, | : |
|  | : |
|  | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
|  | : |
| Northstar Location Services, LLC; and DOES | : **COMPLAINT** |
| 1-10, inclusive, | : |
|  | : |
| Defendants. | : |
|  | : |

For this Complaint, Plaintiff, Jonathan Ford, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      Plaintiff, Jonathan Ford ("Plaintiff"), is an adult individual residing in Perry Hall,

Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Northstar Location Services, LLC ("Northstar"), is a New York

business entity with an address of 4285 Genesee Street, Cheektowaga, New York 14225,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §

1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Northstar and

whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Northstar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Northstar for collection, or Northstar was employed by the Creditor to collect the Debt.

11.      Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Northstar Engages in Harassment and Abusive Tactics

12.      On or about January 19, 2017, Northstar called Plaintiff's sister, parents-in-law and sisters-in-law and left voicemail messages regarding the Debt.

13.      The voicemail messages that were left for Plaintiff's relatives indicated that Northstar was trying to contact Plaintiff and Plaintiff's wife, Beth, to collect a Debt.

14.      Upon information and belief, the Debt was acquired years before Plaintiff's marriage to Beth.

15.      On or about February 14, 2017, Northstar was notified that Plaintiff was represented by an attorney, and all calls to collect the Debt should cease.

16.      Nonetheless, Northstar continued to place calls to Plaintiff and his family

members in an attempt to collect the Debt.

17.     On or about March 8, 2017, Northstar was reminded of Plaintiff's attorney representation and request to cease calls to Plaintiff's family members.

18.     Nonetheless, Northstar continued to place calls to Plaintiff and his family members in an attempt to collect the Debt.

19.     On or about March 24, 2017, Northstar again was advised of Plaintiff's attorney representation and request to cease all calls to collect the Debt.

20.     Nonetheless, Northstar continued to place calls to Plaintiff and his family members in an attempt to collect the Debt.

21.     On or about March 31, 2017, Northstar was given a final pre-litigation warning to cease calls to Plaintiff and his family members.

22.     Northstar's willful and continued disregard of Plaintiff's cease and desist requests caused Plaintiff a great amount of annoyance and frustration, as well as humiliation and embarrassment for disclosing the Debt to his family members.

**C.  Plaintiff Suffered Actual Damages**

23.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

24.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted

third parties for purposes other than to confirm or correct location information.

27.     Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that Plaintiff owed a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

29.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

30.     Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than Plaintiff, Plaintiff's attorney, or a credit bureau.

31.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

32.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

33.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

34.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

35.     Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

38.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

39.     Defendants disclosed or threatened to disclose information to a person other than Plaintiff or his spouse information affecting Plaintiff's reputation, with knowledge that the third party Defendants were contacting had no business need for such information, in violation of MD. Code Comm. Law § 14-202(5).

40.     Plaintiff is entitled to damages proximately caused by Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Actual damages pursuant to MD. Code Comm. Law § 14-203;

5.  Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b); and

6.  Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 11, 2017

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor

5

Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF